## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON OGLESBY, individually and on behalf of others similarly situated**<br><br>**Plaintiffs,**<br><br>**VERSUS**<br><br>**MASSE CONTRACTING, INC.**<br><br>**Defendant.** | **CIVIL ACTION**<br><br>**NUMBER:    19-2360**<br><br><br>**SECTION:**<br><br>**DISTRICT JUDGE**<br><br><br>**MAGISTRATE JUDGE** |

## <u>COMPLAINT – COLLECTIVE ACTION</u>

Plaintiff, Brandon Oglesby, an individual of the full age of majority and domiciled in Lafourche Parish, Louisiana, who on his own behalf and on behalf of those similarly situated (hereinafter referred to collectively as "Plaintiffs"), respectfully represents as follows:

I.

Made Defendant herein is:

A.  Masse Contracting, Inc. (hereinafter "Masse"), a domestic corporation, authorized to and doing business in the State of Louisiana, which at all relevant times was operating within the Eastern District of Louisiana and is subject to the Fair Labor Standards Act.

II.

Jurisdiction of this matter is conferred by 28 U.S.C. § 1331, as this action predominantly alleges the violation of rights under the Fair Labor Standards Act (hereinafter "FLSA). Furthermore, there exist additional state causes of action that arise out of the same transaction or

occurrence as the underlying federal cause of action, and this Court has ancillary jurisdiction over these counts pursuant to 28 U.S.C. § 1367.

The substantial part of the events or omissions giving rise to the instant lawsuit occurred within the Eastern District of Louisiana.  Additionally, Defendant, Masse Contracting, Inc., resides within the Eastern District of Louisiana.  Therefore, venue is proper in this Court and over these claims pursuant to 28 U.S.C. § 1391 (b)(1) and (b)(2).

III.

Plaintiff, Brandon Oglesby, was an employee of Masse who seeks to assert his claims individually and on behalf of all others similarly situated, whether currently employed or whether employed during the last three years, pursuant to 29 U.S.C. § 216.

IV.

The class of similarly situated employees (hereinafter "Putative Class Members") consists of:

**ALL INDIVIDUALS WHO ARE CURRENTLY EMPLOYED BY DEFENDANT, AND/OR HAVE BEEN EMPLOYED WITHIN THE LAST THREE YEARS, WITHOUT BEING PAID REQUIRED OVERTIME COMPENSATION BENEFITS**

V.

Defendant has numerous current and former full-time employees who are compensated hourly for work performed.  Upon information and belief, these employees were classified as welders, riggers and other potential classifications.  As full-time employees of Defendant, these employees were often expected to work at least forty (40) hours per week.  In many instances, said employees were required to work in excess of forty (40) hours per week by Defendant.  No position held by these employees was at any time exempt from the FLSA.

Under the FLSA, Defendant was required to compensate employees at time-and-a-half in excess of their normal hourly pay for any overtime hours worked.  Despite the obligations owed to its employees under the FLSA, Defendant failed to pay them the amounts the law required.

## COVERAGE UNDER THE FLSA

VI.

At all times hereinafter mentioned, Defendant has been an employer within the meaning of 29 U.S.C. § 203 (d) of the FLSA.

VII.

At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of 29 U.S.C. § 203 (r) of the FLSA.

VIII.

At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203 (s)(1) of the FLSA, in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

IX.

At all times hereinafter mentioned, Plaintiff and all those similarly situated were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

3

## COUNT NO. 1:  VIOLATION OF FLSA

X.

Plaintiff incorporates by reference and re-alleges each and every allegation contained above as if fully set forth herein, and further alleges as follows.

XI.

Defendant directed the means and manner in which Plaintiffs were compensated.  During the relevant time period, Defendant has violated, and are violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207 and 215 (a)(2), by employing employees engaged in commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating said employees for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

XII.

Defendant's failure to properly compensate its employees was done knowingly, willfully or in reckless disregard in carrying out its illegal pattern or practice.  The decision by Defendant to not properly pay overtime compensation to its hourly employees was neither reasonable nor done in good faith.  Accordingly, Plaintiff and all those who are similarly situated are entitled to wages under the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorneys' fees and costs.

XIII.

Plaintiff and the members of the putative class do not fall within any exemption of the FLSA and were required to be paid according to the dictates of said Act.

4

## COUNT NO. 2:  DERIVATIVE CLAIM FOR CONVERSION AND MISAPPROPRIATION

### XIV.

Plaintiff incorporates by reference and re-alleges each and every allegation contained above as if fully set forth herein, and further alleges as follows.

### XV.

Under Louisiana law, conversion is an act in derogation of a person's possessory rights and any wrongful exercise or assumption of authority over another's possessions, depriving him of said possession permanently or for an indefinite period of time.  Conversion may occur, *inter alia*, when possession is withheld from the owner or possessor.

### XVI.

Defendant's actions in withholding monies from employees' paychecks, which said employees were legally owed, and depriving said employees of these monies, amounts to conversion of these funds.

### XVII.

As a result of its actions, Defendant has possession of funds that it had no legal right to possess, causing damages to Plaintiffs for which they seek recovery.

### XVIII.

Plaintiffs demand judgment against Defendant for restitution of improperly withheld monies, plus interest.

## COUNT NO. 3:  UNJUST ENRICHMENT

### XIX.

Plaintiff incorporates by reference and re-alleges each and every allegation contained above as if fully set forth herein, and further alleges as follows.

5

XX.

Louisiana Civil Code Article 2298 provides, "A person has been enriched without cause at the expense of another person is bound to compensate that person."

XXI.

As a direct and proximate result of the acts alleged herein, Defendant wrongfully deprived its employees of substantial assets and was unjustly enriched by its direct receipt and retention of monies earned by said employees, and which were intended to be paid towards their hourly wages. Defendant's retention of said assets and benefits violates the fundamental principles of justice, equity and good conscience.

XXII.

As a result of Defendant's actions, Plaintiffs have suffered damages and seek recovery.

XXIII.

Plaintiffs demand judgment against Defendant for restitution of improperly withheld monies, plus interest.

**COLLECTIVE ACTION ALLEGATIONS**

XXIV.

Numerous employees have been victimized by this pattern, practice and policy, which are in willful violation of the FLSA.  Many of these employees have worked with Plaintiff and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.  Thus, from his observations and discussions with these employees, Plaintiff is aware that the illegal practices and/or policies of Defendant have been imposed on the Putative Class Members.

6

XXV.

The Putative Class Members are all employees who regularly worked in excess of 40 hours per week.  These employees are victims of Defendant's unlawful compensation practices and or similarly situated to Plaintiff in terms of job duties, pay provisions and employment practices.

XXVI.

Defendant's failure to pay wages at the rates required by the FLSA results from generally applicable, systemic policy and practice, and which is not dependent on the personal circumstances of the Putative Class Members.  Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

XXVII.

The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.  All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

**RELIEF SOUGHT/DAMAGES**

XXVIII.

As a result of the damages caused by Defendant's actions, Plaintiff seeks on his behalf and on behalf of all others similarly situated the following recovery:

    A.  Unpaid back wages;

    B.  Liquidated damages equal in amount to the unpaid monies found due;

    C.  Costs and expenses related to the prosecution of this action;

    D.  Attorneys' fees;

E.  Pre-judgment and post-judgment interest at the highest rates allowed by law;

F.  Any and all other damages and expenditures, past and future, caused by Defendant's actions; and

G.  Any and all available statutory penalties and relief available.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure (or any other applicable federal or local rule), Plaintiffs hereby demand a trial by jury on all issues related herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Brandon Oglesby, on his own behalf and on behalf of those similarly situated, demands a judgment against Defendant, Masse Contracting, Inc., for all damages hereinabove alleged, with legal interest from the date of demand (i.e., pre-judgment and post-judgment interest), together with all costs and disbursements of this action, for all other compensatory damages allowed by law, any and all statutory relief available, liquidated damages, reasonable attorneys' fees, costs and expenses, and for all appropriate general, legal and equitable relief available to them under the laws of the United States and the State of Louisiana, and for a civil trial by jury.

Respectfully submitted:

**C. ARLEN BRAUD, II, #20719**
**MICHELLE O. GALLAGHER, #23886**
**STEVEN D. JACKSON, #35841**
Braud & Gallagher, L.L.C.
111 N. Causeway Blvd., Ste. 201
Mandeville, LA 70448
Telephone:      (985) 778-0771
Facsimile:      (985) 231-4663
arlenb@braudandgallagher.com
michelleg@braudandgallagher.com
stevenj@braudandgallagher.com
***Counsel for Plaintiff, Brandon Oglesby***

**TO BE SERVED BY SUMMONS:**

**MASSE CONTRACTING, INC.**
*Through its registered agent for service of process:*
Craig P. Masse
1506 Mar Drive
Lockport, Louisiana 70374