UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON OGLESBY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-2360-WBV-JCW** |
| **MASSE CONTRACTING, INC.** | **SECTION: "D" (2)** |

### ORDER AND REASONS

Before the Court is a Motion to Continue Trial, filed by plaintiff, Brandon Oglesby.[1] Defendant, Masse Contracting Inc. ("Masse") opposes the Motion.[2] Defendant, Weeks Marine, Inc., does not oppose the Motion.[3] For the reasons that follow, the Motion is **DENIED.**

### I.  BACKGROUND

This case concerns a claim for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). On March 14, 2019, Plaintiff filed a Complaint-Collective Action in this Court, seeking unpaid wages allegedly owed by Masse under the FLSA.[4] On June 26, 2019, the Court issued a Scheduling Order giving the parties until June 1, 2020, almost one year later, to complete discovery.[5] Shortly thereafter, on July 9, 2019, Plaintiff sought leave to file an Amended Complaint,[6] which the

---

[1] R. Doc. 39.
[2] R. Doc. 43.
[3] R. Doc. 39 at p. 1.
[4] R. Doc. 1.
[5] R. Doc. 12.  The Court notes that it appears the parties in this matter have already been the beneficiaries of a Scheduling Order that was issued only weeks after the undersigned took the bench. The Court will point out that subsequent Scheduling Orders in similar matters have not provided such a lenient schedule.
[6] R. Doc. 15.

Court granted on July 11, 2019.[7]  The Amended Complaint added Weeks Marine, Inc. as a defendant.[8]  Masse and Weeks Marine, Inc. were each granted an extension of time in which to file an Answer to the Amended Complaint.[9]  Both defendants timely-filed an Answer.[10]  Nothing further was filed into the record until the parties timely-filed their witness and exhibit lists on May 1, 2020.[11]

Plaintiff filed the instant Motion to Continue Trial on June 1, 2020,[12] and sought expedited consideration, which the Court granted.[13]  Plaintiff seeks a continuance of the August 24, 2020 jury trial and the remaining pre-trial deadlines set forth in the Court's Scheduling Order, based on the COVID-19 pandemic and the Stay-At-Home Order that was in effect in Louisiana from March 22, 2020 until May 15, 2020.  In his Memorandum in Support of the Motion, Plaintiff asserts that, "As a result [of the pandemic and Stay-At-Home Order] Plaintiff was unable to move forward with deposition of fact witnesses for Defendants."[14]  The Court acknowledges and understands interruptions associated with the pandemic that has affected the State, the country and the world.  What Plaintiff has failed to do in his Motion, however, is to connect the recent pandemic with his failure to move forward with discovery during the nine-month period between the Court's issuance of the Scheduling Order and the Governor's issuance of the Stay-At-Home Order.

---

[7] R. Doc. 17.
[8] R. Doc. 18.
[9] *See* R. Docs. 25 & 32.
[10] *See* R. Docs. 29 & 34.
[11] R. Docs. 35-38.
[12] R. Doc. 39.
[13] *See* R. Docs. 40 & 41.
[14] R. Doc. 39-1 at p. 1.

## II.   LAW AND ANALYSIS

Federal Rule of Civil Procedure 16(b)(4) provides that a Scheduling Order "may be modified only for good cause and with the judge's consent."[15]  According to the Fifth Circuit, "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[16]  In determining whether the movant has met its burden of proving "good cause" under Rule 16(b)(4), this Court must consider four factors: (1) the movant's explanation for failing to meet the deadline; (2) the importance of the requested relief; (3) the potential prejudice in granting the relief sought; and (4) the availability of a continuance to cure such prejudice.[17]

Plaintiff does not mention Rule 16(b)(4) or the four factors of the good cause analysis in the Motion to Continue Trial.  Instead, Plaintiff merely asserts that, "the unforeseen delays that have resulted in the discovery process due to the unprecedented COVID-19 pandemic constitute good cause for a continuance."[18]  The Court, however, finds that a majority of the factors weigh against finding good cause exists to modify the Scheduling Order with respect to the remaining pre-trial deadlines and the August 24, 2020 jury trial.  Turning to the first factor, the Court finds that Plaintiff has failed to provide a sufficient explanation for his failure to meet certain pre-trial deadlines, primarily the discovery deadline.  Although Plaintiff

---

[15] Fed. R. Civ. P. 16(b)(4).
[16] *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (*quoting* 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).
[17] *Cartier v. Egana of Switzerland (America Corp.)*, Civ. A. No. 3:08-CV-0001-D, 2009 WL 614820, at *3 (N.D. Tex. Mar. 11, 2009) (citing *S&W Enterprises, L.L.C.*, 315 F.3d at 536).
[18] R. Doc. 39-1 at pp. 1-2.

claims that he has been unable to depose the defendants' fact witnesses due to the COVID-19 pandemic and the Stay-At-Home Order in effect in Louisiana between March 22, 2020 and May 15, 2020, Plaintiff offers no explanation as to why he made no attempt to depose these witnesses for almost a year. As Masse points out, only two of the last twelve months were encumbered by the Stay Home Order.[19] Plaintiff has also failed to rebut Masse's assertion that Plaintiff never attempted to depose any witnesses in this case, and that Plaintiff never inquired as to whether electronic depositions were possible.[20]

More importantly, however, Plaintiff has known about the June 1, 2020 discovery deadline since the June 13, 2019 Scheduling Conference, which was attended by one of Plaintiff's counsel of record.[21] While Plaintiff timely sought a continuance of the remaining pre-trial deadlines before their expiration, Plaintiff offers no explanation for his failure to seek an extension of the discovery deadline sooner, other than the recent pandemic and Stay-At-Home Order. Plaintiff's motion was not filed until June 1, 2020, the discovery deadline. Accordingly, the Court finds that the first factor weighs against finding good cause exists to modify the Scheduling Order with respect to the remaining pre-trial deadlines.

The Court further finds that the second factor of the good cause analysis, the importance of the requested relief, also weighs against finding good cause exists to modify the Scheduling Order. The Court recognizes the importance of discovery and fact depositions, and that outstanding discovery may be necessary for the

---

[19] R. Doc. 43 at p. 3.
[20] *Id.*
[21] R. Doc. 12.

4

parties to adequately pursue and defend this case and to meaningfully prepare for trial. Nonetheless, Plaintiff fails to specify the outstanding "critical discovery"[22] that is needed in this case, making only a general statement that, "Plaintiff was unable to move forward with depositions of fact witnesses for Defendants."[23] The Court agrees with Masse that Plaintiff has been dilatory in seeking deposition dates, and that Plaintiff has failed to show the importance of continuing the trial and pre-trial deadlines in this case. Thus, this factor weighs against granting Plaintiff's Motion.

The Court finds that the third factor, the potential prejudice in granting the relief sought, also weighs in favor of the defendants in this case. Granting a continuance of the remaining pre-trial deadlines and the August 24, 2020 jury trial will prejudice the defendants by prolonging this case and increasing the costs of litigation. As previously noted, the parties have already had the benefit of a lenient Scheduling Order, as evidenced by the fact that the parties were given almost a year to complete discovery in this case. As Masse points out, this case has been pending for almost 15 months. Although a brief continuance of the remaining pretrial deadlines would not surprise the defendants, who are likely aware of the outstanding discovery in this case, defendants will be unduly prejudiced if Plaintiff is granted a continuance after failure to diligently litigate this case within the deadlines set forth in the Court's Scheduling Order. The Court further finds that the fourth and final factor, the

---

[22] R. Doc. 39 at p. 1.
[23] R. Doc. 39-1 at p. 1.

availability of a continuance to cure such prejudice, likewise weighs against finding good cause exists to modify the Scheduling Order. Because Plaintiff seeks a continuance of the remaining pre-trial deadlines and the August 24, 2020 trial date, a continuance will not cure any prejudice caused by granting Plaintiff's request for a continuance. As such, the fourth factor weighs against finding good cause exists to modify the Scheduling Order.

After conducting the four-factor analysis set forth in *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*,[24] the Court concludes that Plaintiff has not shown that good cause exists to modify the Scheduling Order with respect to the remaining pre-trial deadlines and the August 24, 2020 trial date. The Court finds that Plaintiff's failure to meet his discovery deadline is unjustified and unreasonable, Plaintiff has not shown that a brief continuance of the remaining pre-trial deadlines is important in this case, that the defendants will be prejudiced if the remaining-pretrial deadlines and trial date are continued, and that a continuance will not cure such prejudice. The Court, therefore, finds that the balance of the competing interests and equities in this particular case weigh against modifying the Scheduling Order with respect to the remaining pre-trial deadlines and the August 24, 2020 trial date.

It is further noted that the Scheduling Order requires the parties to contact the assigned Magistrate Judge (Magistrate Judge Donna Phillips Currault) six weeks prior to the pre-trial conference to schedule a settlement conference.[25] The pre-trial

---

[24] 315 F.3d 533, 536 (5th Cir. 2003).
[25] R. Doc. 12 at p. 3.
[26] *Id.*

conference is scheduled for July 30, 2020. Counsel are reminded that, in accordance with the Scheduling Order, the good faith settlement conference must take place at least two weeks prior to the pre-trial conference.[27]

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Continue Trial[28] is **DENIED.**

New Orleans, Louisiana, June 8, 2020.

                                   *Wendy B Vitter*
                                   **WENDY B. VITTER**
                                   **United States District Judge**

---

[27] *Id.*
[28] R. Doc. 39.